Terrell L. Glenn, U. S. Dist. Atty., Wister D. Stuckey, Asst. U. S. Dist. Atty., Columbia, S. C., for defendant.

**Willie O. CROSBY, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. AC–1328.**

United States District Court
E. D. South Carolina,
Aiken Division.

Jan. 5, 1965.

SIMONS, District Judge.

This petition was filed pursuant to 42 U.S.C.A. § 405[G], to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's application for a period of disability and disability benefits under sections 216[i] and 223[a] of the Social Security Act as amended. The only question before the court is whether the Secretary's decision is supported by substantial evidence.

Plaintiff was born November 14, 1925 and was 36 years of age in March, 1962, when he alleges he became unable to engage in. any substantial gainful employment. He completed the seventh grade

in school and has worked as a farm helper to his father, as a press operator in a plywood mill for 18 months, and as a service station attendant. His only substantial occupation has been as a service station attendant.

Plaintiff's medical record clearly proves that he suffers pain and limitation of motion in his neck and limbs, and the Hearing Examiner made such a finding in his report. His condition was diagnosed as acute rheumatoid arthritis by the VA Hospital in 1960 and by a private physician, Dr. H. L. Lafitte, in 1962. In addition to the arthritic condition plaintiff has suffered from cancer of the lip, duodenal ulcer, and chronic respiratory ailments. Dr. Lafitte and Dr. Preacher, who had known claimant for 10 years, both found him to be totally disabled for gainful employment.

In his report the Hearing Examiner's findings concede that claimant does suffer from some arthritic condition which is painful and causes limitation of motion in claimant's neck and limbs. However, he did not consider plaintiff to be disabled within the meaning of the Act. His conclusions are apparently based upon the evaluations of Dr. Martha C. Gordy of Savannah, Georgia, who only saw claimant on one occasion.[1]

After a careful review of the entire record, I find that the examiner did not give proper consideration to claimant's educational training and work history, the medical reports from the VA Hospital in Augusta, Georgia, and claimant's private physicians who treated him for many years, the testimony of the claimant, and the reports of his neighbors in the community.[2] This evidence substantiates that claimant was disabled within the meaning of the Act as alleged in his application for benefits. In view of the guidelines enunciated by the Fourth Circuit in Underwood v. Ribicoff, 298 F.2d 850 [1962], and Thomas v. Celebrezze, 331 F.2d 541 [1964], I find that the decision of the Secretary deny-

1. Dr. Gordy examined plaintiff in September 1962 at the request of the S.C. Division of Vocational Rehabilitation. Her conclusions are as follows:

"I am unable to establish a diagnosis of cardiac or pulmonary disease in this patient. His chest x-ray does show slight blunting of the left costophrenic angle which apparently is a residual of one of his episodes of pneumonia he describes in his past history. The heart is normal in size and on physical examination and the electrocardiogram is within normal limits including the single Master's Two Step Test. As far as the patient's arthritis is concerned he has no visible swelling of any of the major joints at this time and the only finding on physical examination is a slight stiffness in the neck with some limitation of rotation and flexion of the neck. The x-ray of the cervical spine shows no evidence of rheumatoid arthritic changes. It has been two years since the patient first acquired this diagnosis at the VA Hospital in Augusta. It is noted that that diagnosis was established in the face of three normal sedimentation rates, a negative Latex Flocculation test and normal AG Ratio. However, of course I realize that these negative findings do not rule out completely the possibility of an early rheumatoid arthritis.

But I feel that I do not have enough clinical evidence at this time to substantiate the diagnosis of rheumatoid arthritis. He may well have it, and I think that repeat sedimentation rates, rheumatoid arthritis factor, and total and fractional proteins would be of some value at this time. He very definitely demontrates stiffness and muscle spasm in the neck and the possibility of an old injury involving C6 is entertained despite the fact that the patient does not give a history of any trauma to his knowledge. At any rate, evaluating the entire picture, despite this man's symptoms he certainly does not appear totally disabled at this time and has good range of motion in all of the joints except for minimal limitation in the neck and it would appear to me that he should be able to perform light work anyway." [Pages 118–120 of Transcript].

2. Plaintiff testified [pages 47 and 48 of Transcript] that he often could not get out of bed without assistance; could not bend horizontally to the floor; could not raise his arms above his head and frequently unable to hold objects with his fingers; 35 statements from neighbors and friends as to plaintiff's poor health condition are included in the record. [Pages 133–167 of Transcript.]

ing claimant's claim for benefits is not supported by substantial evidence.

It is therefore ordered that the decision of the Secretary be, and it is hereby, reversed.

Let judgment be entered for the plaintiff.