Louise **ROBERTS**, Plaintiff,

v.

Anthony **CELEBREZZE**, Secretary of
Health, Education and Welfare,
Defendant.

No. 64–C–20.

United States District Court
E. D. New York.

March 17, 1965.

Joseph P. Hoey, U. S. Atty., for defendant; by Michael J. Walsh, Asst. U. S. Atty., for the motion for summary judgment and in opposition to the plaintiff's cross-motion.

Morton Werbel, Brooklyn, for plaintiff; in opposition to the defendant's motion for summary judgment and for the plaintiff's cross-motion.

RAYFIEL, District Judge.

The plaintiff brings this action against the Secretary of Health, Education and Welfare (The Secretary), pursuant to Section 205(g) of the Social Security Act (the Act) (Section 405(g) of Title 42, U.S.Code) to review and reverse a decision of a Hearing Examiner of the Social Security Administration, affirmed by the Appeals Council, which denied her a period of disability and disability benefits.

The Secretary has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and the plaintiff has cross-moved for summary judgment or, in the alternative, for an order remanding the case to the Social Security Administration for the purpose of taking additional evidence.

These are the facts: The plaintiff, a married woman, was born on September 23, 1915. She had an eighth grade education and had been employed as a domestic. Most of her employment, however, was as a sewing machine operator, sewing labels on women's sweaters. She was employed in that capacity until June, 1960, when, as she claims, she was obliged to terminate her employment by reason of migraine headaches from which she had suffered for some years. Thereafter, some time in 1961, she began to suffer from bronchial asthma and was subject to recurrent attacks which, she claims, have caused her to become completely incapacitated.

On March 15, 1962 she filed an application for a period of disability and for disability insurance benefits under Sections 216(i) and 223(a) of the Act (Sections 416(i) and 423(a) of Title 42, U.S. Code). Her application was rejected by

the Division of Disability Operations of The Social Security Administration on the ground that she did not have an impairment or combination of impairments of such severity as to entitle her to benefits. She requested a hearing before a hearing examiner but waived her right to appear and give testimony before him, resting on the evidence submitted to him.

In a decision dated February 20, 1963 the Hearing Examiner reviewed all of the evidence and found that she was "not entitled to disability insurance benefits or to a period of disability under Section 223(a) and 216 of the Social Security Act."

Subsequent to the decision the plaintiff requested a hearing, which was granted by the hearing officer. On April 12, 1963 she and a witness on her behalf named Cotillia Poles, appeared and testified before him. The Hearing Examiner, in a decision dated November 15, 1963, adhered to his original decision denying her benefits. Appended to that decision was a note which stated that it was the Hearing Officer's opinion "that beginning in November 1962, that is after the claimant's application ceased to become effective, and continuing thereafter, that the claimant's respiratory condition worsened." It went on to suggest that the claimant (plaintiff herein) might wish to file a new application for benefits since she met the special earnings requirements of the Social Security Act through September 30, 1964.

The plaintiff filed a request for a review of the Hearing Examiner's decision and on December 6, 1963 the Appeals Council of the Department of Health, Education and Welfare denied the request for review and she then commenced this action on January 13, 1964.

An analysis of the Hearing Examiner's decision of February 20, 1963 reveals that he arrived at the conclusion that the plaintiff was not suffering from "an impairment or combination of impairments, either singly or in combination, of such severity as to preclude her from engaging in any substantial gainful activity at any time for which her application of

March 15, 1962 was effective" principally on the basis of two reports dated August 4 and September 5, 1962 by Dr. Roland Gluck, to whom the plaintiff had been sent for examination by the Department of Social Welfare of the State of New York, Bureau of Disability Determinations. The Hearing Examiner devoted almost three single-spaced pages of his decision to these reports, which he characterized as being "the most descriptive objective medical evidence in the case." He evidently gave little consideration to the reports of Dr. Carl J. Sachs, Dr. Harry Goldberg and Dr. William Zimmerman, all of whom had treated the plaintiff for considerable periods of time prior to her application for disability benefits, and all of whom had found that she was suffering from severe headaches and asthma, and had reported that she could not do housework, walk stairs or carry heavy weights. Nor does it appear that he gave any weight to the Report of the Kings County Hospital, dated March 23, 1962, to which he adverted in his decision, in spite of the fact that, as he pointed out the report showed "very frequent visits" from January 28, 1960 to January 16, 1962, and the diagnosis was "anxiety syndrome, allergic rhinitis, psychogenic hoarseness."

Apparently the Hearing Officer was not impressed with the Kings County Hospital report, dated October 26, 1962, for in his decision of February 20, 1963 he refers to it as follows:

"Although there is in evidence a report from Kings County Hospital showing claimant was treated in the emergency unit on October 8, 1962, *nothing is shown in these reports (sic) to explain the cause of the asthma attack on October 8, 1962 and the fact that claimant was 'sent home' immediately after attacks (sic) shows that the episode was controlled summarily.* The evidence is insufficient to show that claimant suffered asthmatic attacks of such frequency and duration as to preclude all substantial gainful activity, *although it may be that claimant*

*suffered occasional brief temporary disabling episodes."* (Emphasis mine).

Prior to his decision of November 15, 1963 the Hearing Officer sent the plaintiff's medical history to Dr. Harold A. Lyons, a professor of medicine at Downstate Medical Center, for evaluation, with the request that specific questions concerning the plaintiff's condition be answered by him. The following are two of the questions put to him, together with his answers:

"1) What is the expected frequency and duration of respiratory symptoms, considering periods of exacerbation and remission, if applicable. Please explain fully the incidents of exacerbation and remission if here applicable."

(Answer): "The attacks of bronchial asthma may be frequent, or rare. *One often cannot ascertain the causation of the onsets of such attacks. The variability of asthmatic attacks in frequency and severity is known, and may offer no clue as to expected periods of remissions or the length of such remissions."* (Emphasis added).

"4) If the matters referred to in paragraph 3 are not factors in determining the severity of claimant's bronchial asthma, please set forth whether the claimant's symptoms relating to bronchial asthma may be reduced, or mitigated by medically accepted therapy or other regimen and the expected improvement.

"It will be noted that in his report of September 5, 1962 Dr. Gluck stated claimant's 'pulmonary function studies improved under bronchodilators and she approaches normal physiologic value' (See last page, last sentence before the first complete paragraph of Dr. Gluck's report). It will also be noted that claimant apparently received 21 emergency clinic treatments in the months of November 1962, through April 1963, was hospitalized April

22, 1963 through May 3, 1963 and again on July 15, 1963 through August 14, 1963, all as shown in the Kings County Hospital reports above mentioned.

"Please include in your answer your opinion whether claimant may be subject to severe bronchial asthmatic attacks or other respiratory symptoms, unrelieved by accepted therapy or regimen, upon the bases of such events, despite the findings of Dr. Gluck."

(Answer): "The bronchial asthmatic condition can be improved by the employment of therapeutic measures. *The degree of improvement is often variable and at times completely resistant to all forms of management.*

"The asthmatic attack was evidently markedly improved when Dr. Gluck performed his examination and tests after use of a bronchodilator. *But, this response to therapy has no relation to other severe bronchial attacks at a later time, and thus the bronchial asthmatic attacks need not have been relieved or aided by subsequent medical regimen."* (Emphasis supplied).

The Hearing Officer referred to Dr. Lyons' report in his decision as follows:

"As above indicated, the Hearing Examiner has sought the advices of a medical consultant, Dr. Lyons, a specialist in internal medicine with a subspecialty in respiratory disease. Dr. Lyons advises, based upon an examination of the pertinent medical evidence in the case that: there is no way of determining the frequency and duration of the bronchial attacks, or the causation thereof; and that such attacks vary in frequency and severity, that the ailments of claimant other than bronchial asthma as shown in the reports do not have any bearing upon the severity or extent of severity of bronchial asthma; that bronchial asthmatic condition can be improved by em-

ploying therapeutic measures but the degree of improvement is often variable and at times completely resistant to all forms of management."

He then adhered to the original decision in spite of the fact that he stated that, *"The evidence in the case fairly shows that claimant suffers from respiratory ailments and migraine headaches."* (Emphasis added). However, he held that,

"the substantial evidence is not sufficient, however, to show that any such impairment or the combination thereof occurred with such frequency and severity before June 16, 1962, that is within the time the claimant's application was effective, so as to cause more than short periods of disability. Temporary disability is not enough to satisfy the requirements of the Social Security Act for awarding benefits or to establish a period of disability."

I disagree with the Hearing Examiner's conclusion. In the light of the reports of Dr. Zimmerman, Dr. Sachs and Dr. Goldberg, all of whom treated the plaintiff, the report of the Kings County Hospital showing "very frequent visits" from January 28, 1960 through January 16, 1962, and the report of Dr. Lyons, it would appear that the plaintiff suffered more than mere *"temporary"* periods of disability.

I am mindful of the fact that Section 205(g) of the Act (Section 405(g) of Title 42, United States Code) provides that

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." (Emphasis mine).

However, I feel that plaintiff should have the opportunity of producing medical experts to testify before the Hearing Examiner as to their diagnoses and prognoses, and as to whether the combination of ailments from which she suffered brought her within the definition of "disability" found in Section 223(c)(2) of the Act (Section 423(c)(2) of Title 42, U.S.Code) on or before June 15, 1962.

Accordingly the defendant's motion for summary judgment is denied and the plaintiff's cross-motion is granted to the extent of remanding the case to the Secretary to take additional evidence, not only on the aforementioned subject, but also on the question of what occupational opportunities are open to a person of the plaintiff's age, education, skills and conceded physical impairments. See Kerner v. Flemming, 2 Cir., 283 F.2d 916.

Settle order on notice.