Florence **MULLEN**, Plaintiff,

v.

John **GARDNER**, Secretary of Health, Education and Welfare, Defendant.

No. 65–C–864.

United States District Court
E. D. New York.

July 8, 1966.

Robert Joseph Amoury, Staten Island, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. of New York, for defendant, Quentin H. Vaughan, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

This action was brought pursuant to Section 205(g) of the Social Security Act, as amended (Act), 42 U.S.C.A. § 405

(g), to review a final decision of the Secretary of Health, Education, and Welfare (Secretary) denying the plaintiff's claim for disability benefits under Section 223 of the Act, 42 U.S.C.A. § 423.[1] Both sides have moved for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A.

Plaintiff's claim for benefits was twice denied by the Division of Disability Operations, once on November 20, 1962 and again, upon reconsideration, on March 8, 1963. Thereafter she requested a hearing before an Examiner, which was held in New York City on November 6, 1963 [2] and which also resulted in a denial of benefits. The Hearing Examiner concluded that "Based upon all the evidence, it cannot here be found that the claimant, medically or non-medically, established that her impairments either singly or in combination * * * were severe enough to meet the tests prescribed by statute". This determination was affirmed on June 25, 1965 by the Appeals Council which adopted "the inferences, findings, and conclusions of the hearing examiner" and referring to additional exhibits presented to it for the first time, stated that the same were not persuasive.[3] The only medical evidence before the Examiner and the Appeals Council consisted of written reports and the only oral testimony was that of the plaintiff.

Plaintiff is a 57-year-old woman who has worked for over 30 years at various clerical jobs. Her claim to disability benefits is based on the existence of the following ailments: glaucoma, multiple allergies, skin dermatitis, stomach condition, and excessive frequency of urination. Her three personal physicians who have been treating her for these conditions over an extended period of time, all concluded that she was unable to work as a result of these ailments. The only medical opinion to the contrary was that of a gastroenterologist who examined plaintiff on a single occasion at the request of the Social Security Administration (Administration). This physician reported that there was no evidence of stomach trouble and that "at the time of the examination, there were no signs of allergic dermatitis". Apparently, however, he did not conduct any allergy tests on the plaintiff. It was the opinion of this doctor which the Hearing Examiner found "persuasive".

■■ It is elementary that in a case involving conflicting medical evidence the Hearing Examiner may choose one side or the other and the Court must affirm his decision under the substantial evidence test even though it might have reached a different conclusion if the case was before it *de novo*.[4] It is also clear that the Hearing Examiner is not bound by a physician's ultimate conclusion of disability if this opinion is unsupported or contradicted by underlying medical data. Accordingly, it has been held that "substantial evidence does not sustain a Hearing Examiner's decision when it is based almost exclusively on a medical report of a physician making a single exam-

---

1. The definition of the term "disability" was changed by statutory amendment on July 30, 1965 in 42 U.S.C.A. § 423(c) (2) (A) to read as follows: "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". The statute formerly provided that the impairment had to "be expected to result in death or to be of long-continued and indefinite duration".

2. Plaintiff claims that she was unable to produce her doctors to testify because the Secretary refused to hold the hearing in Staten Island where she and most of the doctors resided.

3. These exhibits consisted primarily of letters from neighbors and friends, additional medical reports from her regular doctors, and statements from two psychiatrists. As far as her mental and emotional state were concerned, the Appeals Council concluded that although she was depressed and anxious, this "psychoneurosis" did not impair her "capacity to handle the job requirements of the clerical work she performed in the past".

4. See, e. g., Galli v. Celebrezze, 9 Cir. 1964, 339 F.2d 924.

ination of a claimant, when two doctors who treated him over a period of years stated that he was totally incapacitated".[5] This is particularly true when the Administration's doctor has failed to render an opinion with respect to the plaintiff's highly allergic condition which was one of her major ailments.[6]

The Hearing Examiner also seemed to rely in part on plaintiff's ability to take care of her personal needs, to do some simple household tasks, and to drive an automobile on occasion. Such findings cannot constitute substantial evidence for a denial of disability benefits. "The law does not require that plaintiff show that he is bedridden or completely helpless or that he is totally disabled, in order to qualify for disability benefits. The mere fact that he is mobile and is able to engage in some light tasks at his home does not alone establish that he is able to engage in substantial gainful activity".[7] Further, the Examiner reasoned that plaintiff could not have been disabled on the effective date of her application in 1962 because she had been under treatment for the allergic condition since 1951 but had nevertheless continued working through April of 1962. This speculative inference by the Examiner presupposes that plaintiff's allergic condition remained static from 1951 to 1962, which is not adequately supported by the present record. It should also be noted that the Examiner gave very little attention to plaintiff's frequency of urination although the psychiatrist appointed by the Appeals Council recognized that this condition existed.

The medical "evidence" submitted by plaintiff consisted of very brief and uninformative letters addressed "To Whom It May Concern", which merely listed her ailments and then gave the doctor's opinion that she was unable to work. The only objective data presented in support of these conclusions consisted of the report of an allergy testing laboratory and the rather cryptic and uninformative answers given by plaintiff's doctors in response to an equally cryptic and incomplete Government questionnaire.[8] The record in this case is in a very unsatisfactory condition. It illustrates the inadequacies which occur when there is no oral testimony and no opportunity for cross-examination in this type of proceeding.[9] It is for this reason that "[t]hese records call for searching investigation by the district courts, and further searching investigation by appellate courts".[10]

5. Miracle v. Celebrezze, 6 Cir. 1965, 351 F.2d 361, 379; see also, Vanderpool v. Celebrezze, D.C.Oregon 1965, 240 F. Supp. 801; Crosby v. Celebrezze, E.D. S.C.1965, 236 F.Supp. 759, and Bates v. Celebrezze, W.D.S.C.1964, 234 F.Supp. 349, 354, where the Court stated that "The two doctors who felt that plaintiff was not substantially disabled, it is noted, saw him only once for an examination. He was examined without consulting the family physician. Consideration should properly be given to the fact that the doctors who felt that plaintiff was not substantially disabled were not his treating physicians".

6. This doctor's statement that at the particular time he examined her she showed no signs of an allergic condition, cannot be deemed a considered opinion on this subject.

7. Randall v. Flemming, W.D.Mich.1961, 192 F.Supp. 111, 128; see also, Prestigiacomo v. Celebrezze, E.D.La.1964, 234 F. Supp. 999; Clemochefsky v. Celebrezze, M.D.Pa.1963, 222 F.Supp. 73, 77.

8. Some of these answers, like other material in the file, were handwritten and impossible to read.

9. Other courts have pointed out similar deficiencies. For example, the Sixth Circuit has stated that "[t]hese cases often reveal an inadequacy as far as medical evidence is concerned, and many of the proofs are unsatisfactory, since they consist of unsworn written statements by physicians and surgeons with no opportunity given to a claimant to ask questions or to cross-examine." Ratliff v. Celebrezze, 6 Cir. 1964, 338 F.2d 978, 982.

10. Miracle v. Celebrezze, supra, 351 F.2d p. 383.

592

While it is true that the Hearing Examiner may base his finding upon hearsay or documentary evidence alone,[11] the Court, except in unusual circumstances, should be reluctant to accept such evidence on the issue of "substantiality" where the documentary evidence is not only hearsay but also opinion evidence of a medical expert upon whose unsworn report an applicant is denied disability benefits.[12] Considering the nature and weight of all the evidence in the record, the Court finds that it does not meet the test of substantiality in order to justify the Secretary's denial of disability benefits. By the same token the Court concludes that plaintiff on her part has not met the burden of proof necessary to justify an outright award for such benefits to her. But this failure does not necessarily require the Court to affirm the Secretary's denial of such benefits if the plaintiff in her proof has presented sufficient evidence to raise a serious question concerning her claim.[13] In such event the Court may remand the case for further proceedings. Upon such remand the plaintiff should have an opportunity to present medical experts to support her claim and to cross-examine the Government's medical expert in opposition thereto, as to whether the combination of ailments from which she suffered brought her within the definition of "disability" found in Section 223(c) (2) of the Act.[14] Under the particular facts of this case, the Court therefore concludes that since "the issue is not reasonably susceptible of presentation and determination on the basis of mere written, formal reports, some adequate steps must be taken to adopt a procedure which will enable the trier of fact to determine the truth of the matter." [15]

The case is hereby remanded in accordance with this opinion. This is an order.

11. See, 2 Davis Administrative Law Treatise, §§ 14.01–14.17.

12. Cf., Ber v. Celebrezze, 2 Cir. 1964, 332 F.2d 293.

13. See, Kerner v. Flemming, 2 Cir. 1960, 283 F.2d 916, 922.

14. The Secretary should also consider the effect upon the plaintiff of the statutory amendment described in footnote 1.

15. Page v. Celebrezze, 5 Cir. 1963, 311 F. 2d 757, 760; see also, Roberts v. Celebrezze, E.D.N.Y.1965, 239 F.Supp. 262, 265.