**Alton MACHEN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 2129.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 7, 1968.

See also D.C., 319 F.Supp. 1245.

James N. Hardin, Greeneville, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mr. Machen sustained an injury to his right elbow in 1949, resulting in its fixation or fusion. This, however, did not prevent his working afterward as a shoeshine boy, dishwasher and janitor. He fell in 1955 and sustained an injury to his spine and back, for which he was declared permanently disabled to the extent of 75% of his body as a whole for purposes of workmen's compensation benefits.[1] Subsequently, a ruptured disc in Mr. Machen's spine was excised surgically. Mr. Machen had earnings thereafter in the years 1956–1961, inclusive.

Mr. Machen ceased working regularly and filed an application for disability benefits under the Social Security Act on January 2, 1963. This application was denied and was not appealed. He filed a further claim on May 13, 1964, with an identical aftermath. Mr. Machen then filed his current application on October 21, 1965, which was also denied. He has now brought this action for a judicial review of the final decision of the defendant administrator on his most recent claim, 42 U.S.C. § 405(g).

1. This Court is not bound by that adjudication which, in this Court's opinion, is not supported by the medical evidence adduced. A rating of 25% would have been more in keeping with such evidence.

The plaintiff claims that he is limited physically in bending, suffers from irritations of his nerves, is compelled to utilize crutches for locomotion[2] and to wear a brace for his back. He contends that his physical condition has worsened since October 21, 1965 and is irremediable. The final decision of the defendant is predicated on the findings of a hearing examiner of March 13, 1967, which held that the plaintiff was not under disability, as defined by the Social Security Act (either prior or subsequent to the effective date of amendments in 1965), during the inclusive period of August 1, 1964 through December 13, 1966. The only question presented for judicial determination is whether there was before the hearing examiner substantial evidence to support the final decision of the defendant. 42 U.S.C. § 405(g); Lane v. Gardner, C.A.6th (1967), 374 F.2d 612, 616[3].

Mr. Machen was examined by Dr. Robert T. Strang, an orthopedist, on April 5, 1966. Dr. Strang found no atrophy in Mr. Machen's right arm or forearm and diagnosed his condition to be hypotrophic arthritis of the cervical spine[3] and residuals of a low back syndrome, in addition to the forementioned traumatic ankylosis of his right elbow.

Dr. William G. Preas, a general practitioner, examined the plaintiff subsequently on February 1, 1967. It was his diagnosis that Mr. Machen then had a post-traumatic fixation of his right elbow with 80% disability of his right arm; arthritis in his spine (following the disc operation), legs and knees, which would worsen with age;[4] deafness in his right ear; post-disc-operation stiffness of his spine; an old ulcer; old injuries to both legs; general neurosis; and hypotrophy[5] of his prostate gland.

Both parties have moved for a summary judgment, Rule 56, Federal Rules of Civil Procedure. The examiner stated in the course of his decision:

"  *   *   * [A]lthough the claimant has many and varied complaints referable to his back, arms legs, ears and nervousness, he has failed to establish that he has a medically determinable physical or mental impairment, or a combination of impairments, of such severity as to have prevented him from engaging in the same type of substantial gainful activity to which he was accustomed prior to December 31, 1966, the date the claimant last met the earning requirements of the Act. *   *   * "

But for the 1967 amendments to the Social Security Act, P.L. 90–248, the Court would reverse the conclusions of the examiner as being based on the foregoing erroneous interpretation of the standard to be followed in determining whether the plaintiff had carried successfully the burden of proof herein. *Cf.* Branham v. Gardner, C.A.6th (1967), 383 F.2d 614, 627[4]. Interestingly perhaps, however, the standard applied erroneously by the examiner in his decision of March 13, 1967 became the proper standard for application by virtue of amendments to the Social Security Act afterward in the same year, and such is the proper standard for application by the Court on this review.

With the record in its present form, this Court is unable to ascertain whether there is substantial evidence to support the hearing examiner's finding that the plaintiff has "  *   *   * failed to establish that he has a *   *   * combination of impairments, of such severity as to have prevented him from engaging in the same type of substantial gainful

---

2. The examining psychiatrist concluded that the crutches were theatrical props.

3. While only 5′ 3″ tall, the plaintiff then weighed 186 pounds.

4. Mr. Machen was then 57 years of age.

5. Degeneration, *i. e.*, abiotrophy. Dorland's Illustrated Medical Dictionary (23rd ed.) 3.

activity to which he was accustomed prior to December 31, 1966, the date the claimant last met the earnings requirements of the Act. * * * " The principal difficulty emerges from the form of the medical evidence supplied by Dr. Preas. His report is handwritten on one of the defendant's forms and is a classic example of the illegible handwriting of medical doctors. Court and counsel have encountered difficulty in deciphering the findings and opinions of this witness.

In a matter of such grave importance to the plaintiff, the Court believes that the evidence provided by Dr. Preas requires clarification and supplementation. " * * * Since the statute required that the disability result from a 'medically determinable physical or mental impairment' (42 U.S.C. § 416(i) (1) and § 423(c) (2)), the claimant had no way of establishing his case if his credible medical evidence is disregarded. * * * " Hall v. Celebrezze, C.A. 6th (1963), 314 F.2d 686, 689–690. The Court does not yet imply that the hearing examiner intentionally disregarded the diagnosis of Dr. Preas; merely that the Court cannot comprehend how the examiner could come to any reasonable conclusion as to its weight and effect in the present state of the record.

This Court is empowered to remand this cause for a rehearing before entering, upon the pleadings and transcript of the record, its judgment affirming, modifying or reversing the decision of the defendant Secretary. 42 U.S.C. § 405(g); cf. Mullen v. Gardner, D.C.N.Y. (1966), 256 F.Supp. 588. " * * * [T]hese records call for searching investigation by the district courts, and further searching investigation by appellate courts. * * * " Miracle v. Celebrezze, C.A.6th (1965), 351 F.2d 361, 383 [20].

This action hereby is remanded to the defendant for further proceedings and consideration. The testimony of Dr. Preas will be taken on oral examination. The plaintiff will have an opportunity to produce medical experts to support his claim and to cross-examine medical experts offered by the defendant in opposition thereto. The defendant may also offer additional medical evidence. *Cf.* Mullen v. Gardner, *supra*, 256 F.Supp. at 592[5].