**Joseph HIRSCH, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 84 Civ. 6441 (PKL).**

United States District Court, S.D. New York.

July 15, 1985.

Morrison & Henderson, New York City (Diane Morrison, New York City, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., New York City (Mark S. Sochaczewsky, Asst. U.S. Atty., New York City, of counsel), for defendant.

LEISURE, District Judge:

Plaintiff, Joseph Hirsch ("Hirsch"), brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Secretary of Health and Human Services ("the Secretary"), which denied Hirsch federal disability insurance benefits. The parties have cross-moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

## BACKGROUND

Hirsch, born on July 30, 1927, worked as a shipping clerk and messenger for over thirty years for his brother's optical company. Toward the end of his employment, his work consisted of sorting, labeling and packaging lenses. As described in claimant's vocational report, the job required six hours of walking and seven hours of standing in an eight hour day. His brother testified that "we very often had to send somebody else over to help him" and "he couldn't function at all sometimes."

Plaintiff Hirsch ceased working in August, 1982. His brother testified that, at that time, his legs were very badly swollen and he was told by his doctor to stay off his feet. Hirsch applied for disability benefits on April 7, 1983. The application and subsequent request for reconsideration were denied.

Hirsch requested and obtained a hearing before an Administrative Law Judge, where he was represented by his attorney. The ALJ found that Hirsch has a severe impairment, but that his impairments do not prevent him from performing his past relevant work. The ALJ's decision became the final decision of the Secretary when Hirsch's request for review by the Appeals Council of the Social Security Administration was denied.

The medical evidence consists of reports from several physicians. Hirsch's treating physician, Dr. Arthur Appel, submitted a report after seeing claimant monthly from July, 1977, when Hirsch was hospitalized, to May, 1983. The report states that claimant was admitted to Nyack Hospital in July, 1977 with acute pulmonary edema and found to have severe cardiomyopathy and rapid atrial fibrillation. The report further states that Hirsch continues to have shortness of breath on minimal exertion, intermittent ankle edema and atrial fibrillation. In a physical capacities evaluation, dated November 28, 1983, Dr. Appel reported that Hirsch is capable of standing for one hour and walking for less that one hour in an eight hour day. Dr. Appel lists other restrictions on Hirsch's capabilities and attributes them to his mental impairments and heart condition. Dr. Appel concludes, "This patient has had pulmonary edema in past and is continuously in danger of congestive heart failure if he is submitted to physical or environmental stresses which the average adult could handle."

At the request of the Secretary, Hirsch was examined by physician Dr. George

Friedman, radiologist Dr. Guy Freeman, and clinical psychologist Dr. L.A. Shewchuk. The psychologist found that Hirsch has a full scale IQ of 88 and reported indications of mild organic brain damage and mild emotional problems. The radiologist, Dr. Freeman, reported that the chest X-ray revealed slight arteriosclerotic changes of the aorta and increase in transverse cardiac diameter. The consulting physician, Dr. Friedman, after examining Hirsch on July 6, 1983, concluded that Hirsch had rheumatic heart disease, mitral insufficiency and borderline mental retardation. Dr. Friedman noted no edema. In addition, a Residual Functional Capacity Assessment form was completed on July 18, 1983, which indicates that claimant is able to stand and/or walk for about 6 hours in an 8 hour day. This form is not cited by the ALJ. Hirsch testified that he can walk about 4 blocks and stand for 25–30 minutes.

The ALJ, in his decision, cites evidence indicating plaintiff's heart condition and mental limitations. He mentions Dr. Appel's report of intermittent and varying ankle edema and Dr. Friedman's finding of no edema at the time of his examination. The ALJ also cites Dr. Appel's finding that Hirsch can walk and stand for one hour or less a day and the vocational report stating that Hirsch's former job required six hours of walking and seven hours of standing per day.

The ALJ concludes that claimant is able to perform his past relevant work and is thereby disqualified from disability insurance benefits. In support of this finding, the ALJ discusses the limitations on Hirsch's ability to lift and carry and notes that his former job did not require lifting and carrying of weights more than five pounds. The ALJ further states that claimant is able to grasp, pull and push, as required by his job, that his IQ of 88 is adequate to function in his former work and that his heart condition is not severe enough to prevent claimant from performing his past relevant work. Absent from this evaluation is a discussion of the discrepancy between Dr. Appel's assessment of claimant's ability to walk and stand, together with claimant's own testimony on the subject, and the walking and standing requirements of his former job. The job required Hirsch to walk and stand for at least six times longer per day than the length of time Hirsch is capable of walking and standing according to the report of the treating physician.

DISCUSSION

In reviewing the record, the Court does not displace the Secretary as the finder of fact; rather, a finding of fact by the Secretary is conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir.1983). Substantial evidence has been described as "more than a mere scintilla, and is defined as such relevant evidence as a reasonable man might accept as adequate to support a conclusion." *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978). Thus, the question presented is whether the ALJ's finding that "claimant's impairments do not prevent the claimant from performing his past relevant work" is supported by substantial evidence.

Plaintiff argues in support of its motion for judgment on the pleadings that a reversal is warranted because the finding that claimant is capable of performing his past work is not supported by substantial evidence, particularly since the job required plaintiff to stand for long periods of time, an issue that the ALJ failed to analyze. Plaintiff urges that the opinion of Dr. Appel be given great weight, since Dr. Appel had seen Hirsch regularly for over five years and while Hirsch was employed and subject to the physical stress of his job. The consulting physician, in contrast, saw Hirsch only once and after he ceased working.

Defendant argues that it is the function of the ALJ, not the Court, to weigh the evidence and determine claimant's capacity. For substantial evidence, defendant relies on the Residual Functional Capacity Assessment, indicating that claimant can walk

or stand for about six hours a day. As previously noted, that report was not cited by the ALJ.

■ An established principle in this Circuit is that the "expert opinions of a treating physician as to the existence of a disability are binding on the fact finder unless contradicted by substantial evidence." *Bluvband v. Heckler*, 730 F.2d 886, 892 (2d Cir.1984) (quoting *Bastien v. Califano*, 572 F.2d at 912). While the opinion of the treating physician will not necessarily override, in all cases, the opinion of a consulting physician, *see, e.g., Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir.1983), the opinion of the treating physician generally is "entitled to more weight than that of a doctor who has only seen the claimant once." *Bluvband v. Heckler*, 730 F.2d at 893 (quoting *Rosa v. Weinberger*, 381 F.Supp. 377, 380 (E.D.N.Y.1974)).

■ Moreover, the Secretary is required, when making determinations regarding claimant's disability, to "explain what physical functions the claimant is capable of performing." *Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir.1984). Courts have suggested the following analytical framework for the ALJs to comply with in rendering their decisions:

> Initially, the ALJ should see whether the treating physician has determined that claimant is disabled. He should then examine the record for conflicting evidence. Upon finding conflicting evidence, he should compare the probative value of the treating physician's opinion with the probative value of the conflicting evidence.

*Bluvband v. Heckler*, 730 F.2d at 893.

The analysis of *Bluvband v. Heckler* is pertinent to the case here. In *Bluvband*, the treating physician, who had seen claimant for five years, found claimant to be disabled. This disability finding was supported by claimant's testimony but contradicted by the evaluations of claimant's residual functional capacity completed by the consulting physician who had examined claimant once. 730 F.2d at 893. The Court stated that, although the ALJ may reject claimant's testimony and accept the residual functional capacity assessment, the ALJ is expected to explain his analysis of the critical issues. *Id.* at 894. The Court concluded that "such [residual functional] evaluations—which are critically disputed in a way that the ALJ failed to explore, and which were formulated after the physician had examined the claimant only once—do not, under the facts presented here, constitute substantial evidence contradicting the treating physician's opinion of total disability." *Id.* at 894. Similarly, in *Ferraris v. Heckler*, the Court stated that the ALJ's findings of a conclusory nature on a key issue were wholly insufficient. 728 F.2d at 587.

Although the Second Circuit reached a different conclusion in *Mongeur v. Heckler*, 722 F.2d 1033, the facts of that case distinguish it from *Bluvband* and the case here. In *Mongeur*, the Court found that the ALJ's finding of ineligibility was supported by substantial evidence in the form of a consulting physician's opinion, even though that evidence contradicted the opinion of claimant's treating physician. 722 F.2d at 1038–39. The Court noted, however, that the "opinion of a treating physician is accorded extra weight because the continuity of treatment he provides and the doctor/patient relationship he develops place him in a unique position to make a complete and accurate diagnosis of his patient." *Id.* at 1039 n. 2. The Court then explained that this principle did not apply to the two people Mongeur referred to as his treating physicians since one had only seen the claimant once or twice and the other was a nurse practitioner whose opinion is not entitled to the same weight as that of a physician. *Id.* at 1039 n. 2.

■ The ALJ here failed to follow the analytical framework suggested by the courts. Instead of evaluating the evidence on Hirsch's standing and walking capabili-

ty, the ALJ ignored the discrepancy between the treating physician's assessment and the requirements of the job. The residual functional evaluation supports the ALJ's finding, but this report, not cited by the ALJ, does constitute substantial evidence in the context of the ALJ's decision, similar to *Bluvband.* It is impossible for the reviewing judge to determine whether the ALJ considered this issue in rendering his decision. Since the ALJ failed to cite any evidence to indicate that Hirsch is capable of walking and standing for the amount of time required by his former job, and that such a finding would contradict the opinion of claimant's treating physician and claimant's own testimony, I find that the ALJ's determination that Hirsch is capable of performing his past relevant work is not supported by substantial evidence. The decision of the Secretary is hereby reversed.

After determining that the ALJ's decision should be reversed, I must decide whether to remand the case to the Secretary for reconsideration or whether to find claimant eligible for benefits. Plaintiff argues that the record contains sufficient evidence for Hirsch to be determined disabled and eligible for benefits. Furthermore, I am cognizant that Congress, through amending the Social Security Act, has limited the remand power of the federal courts. *Carroll v. Secretary of Health and Human Services,* 705 F.2d at 643-44. Nevertheless, in cases similar to the situation here, where the insufficiency of the ALJ's decision has been an important factor in reversing the Secretary's decision, the Second Circuit has determined that remanding the case for reconsideration was appropriate. *Bluvband v. Heckler,* 730 F.2d at 895; *Ferraris v. Heckler,* 728 F.2d at 587-88 ("we direct that the ALJ on remand make more explicit his findings.")

Accordingly, the decision of the Secretary is reversed and the case is remanded to the Secretary for reconsideration.

SO ORDERED.