Armando G. GALLI, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education, and Welfare,
Appellee.

No. 19347.

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1964.

J. A. Pardini, Elda Granelli and Julian
Pardini, San Francisco, Cal., for appel-
lant.

Cecil F. Poole, U. S. Atty., Robert S.
Marder, Charles Elmer Collette, Asst. U.
S. Attys., San Francisco, Cal., for ap-
pellee.

Before HAMLIN, JERTBERG and
BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

On April 4, 1961, Armando G.
Galli, the appellant herein, filed an appli-
cation to establish a period of disability,
and for disability insurance benefits with
the Department of Health, Education,
and Welfare, alleging that he had been
unable to work since November 17, 1960,
because of back trouble, dizziness, bron-
chitis and an ulcer. Following a denial
of his claim by the Social Security Ad-
ministration, a hearing was held on June
22, 1962. The hearing examiner found
that the appellant had not sustained his
burden of showing that he was "dis-
abled" within the meaning of the Social
Security Act and that he was not entitled
to a period of disability or to disability
benefits. On March 18, 1963, the appel-
lant's request for review of the hearing
examiner's decision was denied by the
Appeals Council of the Social Security
Administration and the hearing examin-
er's decision became the final administra-
tive decision on appellant's claim. On
April 22, 1963, appellant instituted an ac-
tion in the United States District Court
for the Northern District of California,
Southern Division, for judicial review of
the final decision denying appellant's ap-
plication for a period of disability and

for disability insurance benefits under the Social Security Act. The district court had jurisdiction under section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g). On March 30, 1964, the district court entered an order granting appellee's motion for summary judgment, affirming the decision of the Secretary of Health, Education, and Welfare. From this decision appellant appeals, invoking the jurisdiction of the court under 28 U.S.C. § 1291. The sole issue on appeal is whether the findings of the Secretary of Health, Education, and Welfare based on the findings of the hearing examiner are supported by substantial evidence. See McMullen v. Celebrezze, 335 F.2d 811 (9th Cir. 1964); Graham v. Ribicoff, 295 F.2d 391 (9th Cir. 1961).

Section 223(a) (1) of the Social Security Act, 42 U.S.C. § 423(a) (1) provides: "Every individual who— * * * (D) is under a disability (as defined in subsection (c) (2) of this section) at the time such application is filed, shall be entitled to a disability insurance benefit."

Section 223(c) (2) provides: "(2) The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."[1] The appellant is not eligible for disability benefits under the Act unless it is established that he was under a "disability" during the effective period of his application. The application is effective for a three-month period following the date of filing. See sections 216(i) (2) and 223(c) (3), 42 U.S.C. §§ 416(i) (2), 423(c) (3).

After extensively reviewing and analyzing the record the hearing examiner found that none of the appellant's claimed impairments, singly or in combination, were shown to have reached such a level of severity as to have prevented the appellant from engaging in any substantial gainful activity. Appellant contends to the contrary, citing medical testimony favorable to him. However, the most that can be said is that the medical reports are conflicting, and the trier of fact has resolved this conflict against the appellant. The findings of the hearing examiner are supported by substantial evidence. Therefore, appellant's contention has no merit.

Judgment affirmed.

---

1. See also section 216(i) (1), 42 U.S.C. § 416(i) (1), the so-called "disability freeze" provision defining "disability" in language identical to that set forth in section 223(c) (2) above.