**Dyle V. REAGLE, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. 1351.**

United States District Court
D. Montana,
Missoula Division.

Dec. 2, 1966.

Robert C. Sykes, Rockwood & Sykes, Kalispell, Mont., for plaintiff.

Moody Brickett, U. S. Atty., Robert T. O'Leary, Asst. U. S. Atty., Butte, Mont., for defendant.

## OPINION

RUSSELL E. SMITH, District Judge.

Claimant seeks review of the Hearing Examiner's decision [1] denying disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, respectively.

Claimant claims that he became unable to work on July 27, 1955, after he was involved in a logging accident. The claimant last met the special earnings requirement [2] on December 31, 1960. The Hearing Examiner found claimant was not under a disability as defined in §§ 216(i) and 223 of the Act.

Claimant was 50 years old when he last met the earnings requirements. He testified that he started, but did not complete the eighth grade. His work experience

---

1. Review of the Hearing Examiner's decision was denied by the Appeals Counsel. The decision of the Examiner is therefore the "final decision" of the Secretary which is subject to review under § 205 (g) of the Act. Galli v. Celebrezze, 9 Cir. 1964, 339 F.2d 924.

2. 42 U.S.C. § 423(c) (1).

from the time he left school in 1924 includes only work requiring strenuous physical exertion.

Claimant was loading logs on his truck in July, 1955, when the logs rolled off and struck him in the chest. Dr. R. E. Beck examined claimant on September 13, 1956, and found narrowing of the C-5-6 interspaces with associated osteoarthritis and nerve involvement. He was of the opinion that claimant would be unable to do heavy work and was 50 to 60% disabled. Another doctor in a very perfunctory report, indicated that in 1958 claimant was "able to work". It does not appear from the doctor's brief report what kind of "work" he meant nor is it clear what, if any, value was given this conclusion by the Examiner.[3]

The Hearing Examiner found: (1) the opinion of a vocational consultant that considering claimant's age, education and prior work experience he is unable to obtain gainful employment to be "not too realistic"; (2) that claimant has engaged in substantial gainful employment by cutting timber on his 247 acre ranch; and (3) that claimant could find light work within his physical capacity by moving to Missoula, Montana, or Olympia, Washington.

The Examiner's first finding rejected the only expert evidence in the record concerning the claimant's transferable and residual skills and claimant's testimony as well. The claimant's testimony and his prior work record support the vocational consultant's opinion rather than the Examiner's finding.

The finding that claimant's timber operations were gainful is not substantiated by the record which shows the maximum gross income derived from timber sales was $200.00 in a good month.[4] This amount was realized only with the help of claimant's son who has now left home [5], and with the use of claimant's truck and logging equipment.

 The Examiner found that the claimant should move to another location to find light work. The Secretary cannot require that a claimant move to an area where he might find employment consonant with his physical capabilities. Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, 595 [6]; Hodgson v. Celebrezze, 3 Cir. 1966, 357 F.2d 750, 754.

3. The Examiner's Opinion recites:
"Medical evidence prior to the expiration of claimant's special earnings requirements discloses that he was suffering from only minimal osteoarthritis of the spine and mild emphysema and the doctors were of the opinion that while he could not do heavy manual labor and was disabled 50% to 60% from engaging in his prior job, he was judged able to work."
Whether this is a finding or a recital of evidence is not clear, but the entire decision implies a finding that claimant can do only light work.

4. Assuming that the weather and claimant's timber stand would allow a year-round timber operation, claimant's maximum gross income would be $2400.00 per year. Deductions for the reasonable costs of labor, the value of the timber and the cost of equipment operation would reduce this maximum amount to an amount less than that the defendant considers "gainful". Webb v. Celebrezze, D.Mont.1964, 226 F.Supp. 394, 399.

5. The vocational consultant testified that it "wasn't really feasible" that claimant

could develop any supervisory skills he exhibited when supervising his son. The fact that a father has ordered a son around does not prove a supervisory skill.

6. Butler is cited with apparent approval by Judge Murray in Webb v. Celebrezze, supra n. 4, at p. 400 of 226 F.Supp. However, Judge Jameson cites another 5th circuit case, Celebrezze v. O'Brient, 1963, 323 F.2d 989, 992, which is contrary to Butler in McGee v. Secretary of Health, Education and Welfare, D.Mont. 1965, 244 F.Supp. 307, 313. This court does not regard the local area rule as a hard and fast rule. Certainly if a claimant is possessed of skills known to be in demand in another area and it is clear that he could be there employed, he should not be permitted to sit at home and draw rocking chair money. On the other hand, if a claimant's only capacity is for heavy work he should not be required to move on the chance that he might in some other area find jobs requiring a minimal physical capacity. The rule should be a rule of reason.

■ The court is of the opinion that the case should be remanded to the Secretary for further evidence and further findings.[7] If Findings numbered 2 and 3 are rejected as they are, then the Examiner's decision rests upon his conclusion that because the claimant could do light work, he could find gainful employment. There is nothing in the record to show that anyone would employ the claimant for light work.[8]

■ It may be that a court should not judicially notice that the northwesterly corner of Montana is sparsely populated, that its principal industry is logging and lumbering, and that most available jobs require hard physical work. Perhaps the court should not judicially notice the fact that uneducated men of 50 have difficulty in finding employment, and that this is particularly true where there is any history of back trouble and Workmen's Compensation claims.[9] Certainly, however, the court is not required to be blind to the possibilities that these factors do exist and hence the conclusion that a man can do light work does not automatically validate a conclusion that he can find employment.

■ The case is therefore remanded to the Secretary to take further evidence on the question of availability of work and to clarify his findings as to the degree of impairment, and for findings indicating more precisely the skills the claimant has and the job opportunities open for uneducated men of 50 with such skills.

7. 42 U.S.C. § 405(g).

8. When the defendant finds, as it apparently did here (see n. 3 supra) that the claimant can no longer engage in his usual occupation but concludes that the claimant can obtain substantial gainful employment in other occupations, the defendant must make express findings with respect to what claimant can do and what employment opportunities are open to him.

McMullen v. Celebrezze, 9 Cir. 1964, 335 F.2d 811, 816.

9. Under Montana Workmen's Compensation the employer takes a man as he is. An employee whose pre-existing disability is aggravated by an industrial accident receives an award which is not diminished by the fact of the pre-existing disability.