**Donald M. RHINEHART, Plaintiff-Appellant,**

**v.**

**Robert H. FINCH, etc. (Wilbur J. Cohen, Secretary of Health, Education and Welfare), Defendant-Appellee.**

**No. 25209.**

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1971.

Allen, McClennen & Fels, Phoenix, Ariz., for plaintiff-appellant.

Richard K. Burke, U. S. Atty., Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for defendant-appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Acting pursuant to 42 U.S.C. § 405 (g), Donald M. Rhinehart commenced this action in the district court to review a final decision of the Secretary of Health, Education and Welfare. That decision found that Rhinehart's period of disability had ceased under the particular application filed and that he was no longer entitled to disability insurance benefits under 42 U.S.C. §§ 416(i), 423 (a). Upon motions for summary judgment filed by both parties, the district court found the Secretary's decision to be supported by substantial evidence, and granted the Secretary's motion. Rhinehart appeals. We affirm.

The scope of our review in this case is limited: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *" 42 U.S.C. § 405 (g). Dean v. Gardner, 393 F.2d 327 (9th Cir. 1968); Mark v. Celebrezze, 348 F.2d 289 (9th Cir. 1965). The burden of proof is upon the appellant to establish that he is entitled to the benefits claimed under the Act. McMullen v. Celebrezze, 335 F.2d 811, 813 (9th Cir. 1964). The Hearing Examiner, whose decision became the final decision of the Secretary, found that Rhinehart was able to undertake certain available jobs not requiring significant physical exertion, and that Rhinehart was therefore, as of May 1967, no longer under

a "disability" within the meaning of the Social Security Act. See 42 U.S.C. §§ 416(i) (1), 423(d) (1) (A). After a careful review of the medical evidence and the testimony taken at the hearing, we find the Hearing Examiner's decision to be supported by substantial evidence. This is not to say that there is not sufficient evidence to have supported the opposite determination, had the Hearing Examiner made it. All we can do is inquire whether the decision actually made is supported by substantial evidence. Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made. Galli v. Celebrezze, 339 F.2d 924, 925 (9th Cir. 1964); Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).

Rhinehart's reliance on Miracle v. Celebrezze, 351 F.2d 361 (6th Cir. 1965) is misplaced. The applicant there was a man who had only finished the second grade in school. He was 56 years of age and had spent his entire life performing hard labor. As a result of his work and injuries sustained, he had developed a spinal condition which prevented him from engaging in any substantial gainful employment taking into consideration his age, training, work experience and mental capacities.

> "The record gives no appreciable support to a finding that appellant was able to engage in a substantial gainful activity. Quite the contrary, it gives overwhelming support to a finding that appellant could not do hard or moderate manual labor, and, indeed, that he could not maintain even slight exertion for any length of time." *Id.* at 378

In the instant case the applicant is a relatively young man with high school education and working toward a college degree with aptitude ratings to justify such effort. There was testimony of other employment of a less strenuous nature than that of lineman which he could undertake. We think that the findings and conclusions of the Hearing Examiner were supported by substantial

evidence and were reasonably based on the record as a whole.

 In addition, the trial court made the following order:

"IT IS FURTHER ORDERED that the defendant shall afford the plaintiff a hearing for a determination of whether or not plaintiff's Request for Reconsideration and subsequent pleadings may be considered as a petition for reinstatement of benefits if the plaintiff by reason of his physical condition is otherwise eligible for such reinstatement."

Although there is a provision made for reinstatement of benefits, 20 C.F.R. § 404.905(e), such action is to be taken "whenever a party makes a written request for reinstatement or whenever evidence is received which justifies such reinstatement." There was no request for reinstatement and no contention that any particular evidence justified such action. Neither do we find any contention in the briefs that such an order was desired. We therefore set aside such portion of the court's judgment, and otherwise affirm.