Ralph W. REYNOLDS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

No. CIV–82–484–TUC–RMB.

United States District Court,
D. Arizona,
Tucson Division.

Aug. 18, 1983.

David H. Lieberthal, Lieberthal & Kashman, P.C., Tucson, Ariz., for plaintiff.

A. Melvin McDonald, U.S. Atty., Don B. Overall, Asst. U.S. Atty., Tucson, Ariz., for defendant.

## ORDER

BILBY, District Judge.

Plaintiff applied for social security disability benefits under his own account in March, 1981, alleging his inability to work since February, 1980. This application was denied. After a *de novo* hearing, an Administrative Law Judge (ALJ) found plaintiff was not disabled and denied the claim. This became the final decision of the Secretary of Health and Human Services (Secretary) when it was approved by the Appeals Council. Plaintiff filed this action seeking either reversal of the Secretary's decision or remand for another hearing before another ALJ. Cross motions for summary judg-

ment have been filed. The Magistrate has filed his Report and Recommendations affirming the Secretary's decision. The parties have filed their objections and responses. The Court has now completed a *de novo* review of the record.

Plaintiff, a 61 year old male, graduated from high school and completed two years of general course work at a junior college. During nearly three year's military service he was diagnosed in 1944 as suffering from asthma. In 1951 he began receiving 30% disability benefits from the Veterans Administration (VA) for this service-connected disability and in February, 1980, it was increased to 100% disability.

Plaintiff's work experience has been in the area of retail sales. He worked seven years as assistant manager in a Western Auto Store and before that in various major appliance stores, including several years as manager of a branch store. He last worked from August, 1979, until February, 1980, as secretary-manager of a fraternal club. He left this last job because the humidity in California bothered him and the work (setting up tables and chairs for club functions) was too physical (Tr. 40).

Plaintiff claims to be disabled due to asthma (Tr. 60). Since 1978 he has taken medication on a daily basis for this condition. He initially submitted to the Secretary medical records from three hospitals including the VA Hospital where he has been treated since 1978. In June, 1980, these latter records showed a diagnosis of bronchial asthma, with chronic obstructive pulmonary disease (Tr. 165). After reviewing all of these records, a physician from the Social Security Administration diagnosed "moderate obstructive lung disease" (Tr. 64). It was determined plaintiff had residual functional capacity for light work which was within the exertional demands of his past work as a club or store manager and so his claim was denied.

Plaintiff was granted a hearing before an ALJ. He was advised that he had a right to have counsel present at this hearing, and to present witnesses and additional evidence and/or testimony to support his claim. He was also advised that a vocational expert would offer testimony and that he was free to question this expert. Instead of an attorney, plaintiff chose to be represented by Steven Schneck, a National Service Officer with the Disabled American Veterans. Plaintiff submitted written statements from some past employers describing his previous work duties and his own written statement further explaining his disability and symptoms (Tr. 205–207). He also submitted a statement dated January 13, 1982, from Dr. Croaker, a VA physician who indicated plaintiff suffered from severe obstructive lung disease and that:

> At the present time his disease has partially disabled him to the point where moderate exertion will produce significant shortness of breath. By his own admission he is able to do some physical labor to a limit of approximately three hours. I feel this is a fair assessment of his capabilities... (Tr. 208).

At the hearing plaintiff testified that he takes five different medications daily and described the side effects: (1) sore muscles which bother him during the night so that he has to get up four to six times [he has not slept all night "in a long time." (Tr. 47)]; (2) nervousness; and (3) fingers locking around a tool so that he must pry them loose. He gets short of breath from nervous tension and physical exertion, e.g., from walking, lifting or carrying things weighing 10–15 pounds. Dust, some gasses, exhaust fumes, and oil base paints also cause breathing difficulties. Plaintiff described his daily activities as vacuuming, going to the bank, preparing his lunch, helping his wife prepare dinner, reading, and watching television. He stated he naps every afternoon for 1–1½ hours because of fatigue.

The ALJ found plaintiff has moderate obstructive lung disease and retains residual functional capacity for at least sedentary exertion, allowing for appropriate atmospheric restrictions. While this limitation of sedentary activity prevents return to his former work he was found capable of alternative, skilled sedentary work as a wholesaler, a merchandising manager in whole-

sale or retail, and a sales manager, which jobs exist in Arizona in significant numbers (Tr. 22–23).

Plaintiff is now represented by an attorney and alleges: (1) he was not represented by counsel at the hearing and did not receive a full and fair hearing before the ALJ; and (2) there is not substantial evidence to support the Secretary's decision that he is not disabled, more specifically, there is insufficient evidence that he is capable of doing the alternative jobs listed by the ALJ.

■ A court is to uphold the Secretary's decision if the factual findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence exists if the record, when read as a whole, yields such relevant evidence as would allow a reasonable person to accept the decision. *Richardson v. Perales,* 402 U.S. 389, 405, 91 S.Ct. 1420, 1429, 28 L.Ed.2d 842 (1971).

■ If there is conflicting evidence or evidence susceptible of more than one rational interpretation, the ALJ's decision is to be upheld. *Rhinehart v. Finch,* 438 F.2d 920, 921 (9th Cir.1971). Even though a court may have reached a different conclusion on the same evidence, it is not free to substitute its findings for the findings of the Secretary. *Palmer v. Celebrezze,* 334 F.2d 306 (3rd Cir.1964).

42 U.S.C. § 423(d)(2)(A) provides that an individual is disabled only if his physical or mental impairment(s) are so severe that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. Claimant has the burden of proving his disability. *Rhinehart,* 921. After a claimant has established his inability to return to his previous employment the burden shifts to the Secretary to show the existence of alternative substantial gainful work in the national economy which the claimant can perform. *Cox v. Califano,* 587 F.2d 988, 990 (9th Cir.1978).

■ 42 U.S.C. § 405(g) provides that upon a showing of "good cause" a court may remand a case to the Secretary for further action. Good cause may be established if a claimant shows he has substantially relevant and probative evidence not previously available or submitted, when it is shown the Secretary applied improper standards in reaching his decision and/or substantial evidence does not exist to support the decision, or if it is shown the claimant did not receive a full and fair hearing.

Plaintiff argues he did not receive a full and fair hearing because he was not represented by an attorney.

■ Claimants are advised of their right to legal representation before the administrative hearing and of possible means of securing such (Tr. 25). Legal representation is not required, but plaintiff correctly notes the courts have held that where a claimant is not represented by counsel "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cox,* 991, citing *Gold v. Secretary,* 463 F.2d 38, 43 (2nd Cir.1972). Where there has been no legal representation, a reviewing court has the duty to make a searching investigation of the record to insure the claimant's rights to a full and fair hearing have been adequately protected. *Gold,* 43.

■ None of the cases hold that absence of counsel alone is sufficient grounds for reversal or remand. Rather, a claimant must demonstrate that prejudice or unfairness occurred as a result of this absence. *Cruz v. Schweiker,* 645 F.2d 812, 814 (9th Cir.1981). In cases cited by plaintiff the courts, in noting the lack of counsel at the hearing, went on to cite circumstances and/or errors which, in combination, led to their conclusions that claimants had not received full and fair hearings, e.g., illiteracy, limited education, or mental retardation of the claimant; failure of the ALJ to adequately question either the claimant regarding his symptoms and impairments or the vocational expert regarding the claimant's potential to perform certain work; failure of the ALJ to admit clearly relevant evidence or testimony.

In the instant case plaintiff, presumably not mentally or intellectually limited, and for whatever reasons, knowingly chose representation other than legal counsel. The transcript indicates the ALJ erroneously mistook Stephen Schneck to be an attorney (Tr. 36) and in fact Schneck questioned plaintiff at length, apparently seeking to elicit more testimony regarding his physical symptoms and impairments (Tr. 47–50). Since the ALJ believed plaintiff to be represented by counsel, who actively participated in the hearing, it is questionable under the circumstances if the ALJ should or would have taken any extraordinary efforts to insure that any and all relevant facts were disclosed. Plaintiff alleges he suffered significant prejudice from his lack of legal counsel because the ALJ failed to develop the testimony of the vocational expert as to the nature and requirements of the jobs identified as alternative employment for plaintiff and the capacity of plaintiff to actually perform them. This allegation will be discussed later.

Plaintiff argues there is not substantial evidence to support the Secretary's decision because: (1) the ALJ failed to make specific findings on relevant evidence or to specify the weight assigned to the relevant evidence; (2) the ALJ presented a deficient hypothetical to the vocational expert; and (3) the ALJ failed to establish that alternative employment existed which plaintiff could perform.

Plaintiff contends the ALJ should have been more specific in his findings, e.g., should have indicated how much weight was attributed to plaintiff's testimony, to his receipt of VA benefits, to his medical evidence, etc. Plaintiff would apparently require an ALJ to make a specific finding and assign a specific weight to each subjective complaint and piece of evidence presented by a claimant. This is not required by the cases cited by plaintiff. Here, however, it seems clear the ALJ gave weight to plaintiff's testimony and evidence because he determined plaintiff was limited to sedentary work and was unable to return to his former employment, while he had been initially determined capable of light work and able to return to former employment.

Even if the ALJ's findings are not sufficiently specific, the court must uphold the decision if the record contains substantial evidence to support it. The medical evidence here does not indicate severe disabling impairment and plaintiff's own physician wrote that he was only "partially disabled." Plaintiff admitted being able to do some physical labor up to three hours, and that significant shortness of breath resulted from moderate (as opposed to all or slight) exertion.

■ Having determined plaintiff was unable to return to his prior employment, the Secretary had the burden of showing alternative employment existed which he could perform. This showing has two components. First, it must be shown that the claimant's impairment is of a kind that still permits certain types of activity necessary for other occupations, and that his experience involves skills transferable to other work. Second, it must be shown that specific jobs exist in the national economy suitable for a claimant with these skills.

As regards the first element the ALJ found plaintiff capable of performing sedentary work. The vocational expert categorized his past work experience as unskilled to semi-skilled with some overlap into skilled employment in the management of sales activity. He went on to identify skills from plaintiff's past employment which were transferable to sedentary work (Tr. 52–53). Plaintiff contends he does not have some of those skills. It does seem unlikely he is capable of speaking to large groups in view of his physical condition. But the fact that he may not have understood exactly what the expert meant when he spoke of "analyzing and interpreting mathematical information in written and diametric or diagrammatic form" and "working with complex financial and statistical data" (Tr. 52–53) does not mean he does not possess these skills. In fact, considering his past work as manager and as-

sistant manager in retail sales, it is reasonable to assume he has these skills.

Plaintiff seems to imply that because the alternative jobs would require some training they should not have been included. However, the regulation he cites provides only that "there must be very little, if any, vocational adjustment in terms of tools, word processes, work settings or the industry." The regulation mentions no time frame and the 30 days suggested by the ALJ does not appear unreasonable or excessive. There is no indication the ALJ misapplied the standard and the fact that the state vocational rehabilitation agency did not feel rehabilitation was recommended is not particularly relevant since that opinion was based primarily on consideration of his age of which the vocational expert was well aware. It is even more irrelevant when one considers the differing purposes of the two agencies.

■ It is further argued that the Secretary did not establish plaintiff could perform alternative employment because the ALJ did not present the vocational expert with all of plaintiff's limitations. In his hypothetical to the expert the ALJ noted plaintiff's asthma limited him to sedentary work in an indoor, air-conditioned environment, with other atmospheric conditions (Tr. 55). Plaintiff complains this was deficient because he did not specifically note his "required" daily afternoon nap, the side effects of his medication, that he got short of breath after walking, and that he could only work for three hours a day. It can be noted here that shortness of breath *per se* is not disabling but is an indication that certain activities should be limited or avoided if possible, and that the record indicates plaintiff is limited to three hours of "physical labor" daily and not all "work" is physical labor. But more to the point, in noting plaintiff's limitation to sedentary work, the ALJ considered all these limitations so that

he was accurately reflecting his determination of plaintiff's job capacity, which is properly his function. In the cases cited by plaintiff either the ALJ had not presented the vocational expert with the claimant's job capacity (i.e., where he fit in the range from "sedentary" to "heavy" work) and had not accurately described his impairments or limitations, or the courts determined there was question if the capacity level had been correctly determined by the ALJ. There was substantial evidence to support the finding that plaintiff was capable of performing sedentary work.[1]

■ Plaintiff argues that because the vocational expert gave only the titles of alternative jobs and did not give descriptions clarifying the nature of the jobs and demonstrating they were not beyond plaintiff's exertional or skill level his testimony was deficient. The requirement of specificity is meant to achieve procedural fairness: besides helping to create a satisfactory record for judicial review, it gives the claimant adequate notice so that he is able to effectively challenge the suitability or availability of the jobs. *Decker v. Harris,* 647 F.2d 291, 298 (2nd Cir.1981). Keeping in mind the policy behind the specificity rule, a fair reading of the expert's total testimony (Tr. 51–58) reveals that enough information was elicited by both the ALJ's and plaintiff's questioning so that one can sufficiently understand the kind of work involved in the alternative jobs. There is substantial evidence that plaintiff is capable of performing these jobs under the appropriate conditions noted by the ALJ. There is also substantial evidence these jobs "exist in the national economy" which means they exist in significant numbers either in the region where plaintiff lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). The regulations also make legally irrelevant any consideration of whether the claimant

---

1. Sedentary work entails:
   lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (e.g., files), ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.-1567(a).

would actually be hired if he applied for the job; the standard is therefore not employability, but capacity. *Walker v. Mathews,* 546 F.2d 814, 818 (9th Cir.1976); *see also* 20 C.F.R. § 404.1566.

Plaintiff's remaining complaints, that two of the alternative jobs were improperly included (plaintiff's Motion for Summary Judgment, p. 22) and that the Secretary failed to establish that the alternative jobs "realistically" suit plaintiff, are essentially without merit. The Secretary has carried his burden in this case and plaintiff has not presented sufficient evidence in rebuttal to justify either reversal or remand.

IT IS ORDERED that the Magistrate's Report and Recommendation is ACCEPTED and ADOPTED as the Findings of Fact and Conclusions of Law of this Court.

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is GRANTED.