Celestine J. **TAYLOR**, Plaintiff,

v.

Margaret M. **HECKLER**, Defendant.

Civ. A. No. 83–398.

United States District Court,
District of Columbia.

Sept. 5, 1984.

Lawrence E. Williams, Jr., Neighborhood Legal Services Program, Washington, D.C., for plaintiff.

Deborah A. Robinson, Joseph W. LoBue, James N. Owens, Newman T. Halvorson, Jr., Asst. U.S. Attys., Washington, D.C., for defendant.

## MEMORANDUM OPINION REVERSING AND SETTING ASIDE DECISION OF SECRETARY OF HEALTH AND HUMAN SERVICES

BARRINGTON D. PARKER, District Judge.

Plaintiff Celestine Taylor seeks review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Secretary of Health and Human Services' ("Secretary") decision denying her application for disability insurance benefits under Title II of the Social Security Act (Act) and for Supplemental Security Income benefits under Title XVI of the Act. Both applications hinge on Ms. Taylor's claim that she is disabled under the Act.

In November 1983, this Court reviewed and reversed the Secretary's decision denying benefits to the plaintiff and remanded the matter to the agency, ruling that the Secretary's decision was not supported by substantial evidence. After giving careful review to the record, this Court finds that because the Administrative Law Judge (ALJ) and the Secretary failed to apply the appropriate standards on remand, the sec-

ond decision denying benefits to the plaintiff must also be set aside.

When Ms. Taylor applied for social security and insurance benefits in 1981, she was 42 years old and claimed to be suffering from such severe physical impairments and pain and her treating physician concluded that she was "totally and permanently disabled." (Rec. at 225.)[1] The Secretary, however, rejected the conclusion that Ms. Taylor was totally and permanently disabled, finding that she was able to perform "light work" 20 C.F.R. § 404.1567(b). The Court reversed the Secretary's determination and ordered the ALJ, in considering the evidence on remand, to refrain from allowing his lay observations concerning Ms. Taylor's claim of constant pain from entering into his decision. Moreover, this Court explicitly ordered that the claimant's assertions of pain be given serious consideration and clearly instructed the ALJ to indicate why any probative evidence introduced by plaintiff was not credited. *See* Order of Reversal and Remand, November 17, 1983.

Unexplainably, the ALJ failed to carry out these directives. He found that the plaintiff "has hypertensive cardiovascular disease with cardiomegaly, chest pain of unknown noncardiac origin, mild degenerative arthritis of the left hip, moderate obesity, and status post cerebrovascular accident" (Rec. at 234), and that the plaintiff "is unable to perform her past relevant work as a nurse's aide." *Id.* Nonetheless, Ms. Taylor was found ineligible for benefits because the "[c]laimant has the residual function capacity to perform sedentary and light work activities." *Id.* With respect to the plaintiff's claim of pain, the ALJ merely concluded that it was "contraindicated by objective medical findings and [is] less than fully credible." *Id.* Moreover, he dismissed the conclusion of plaintiff's treating physician, Dr. Batipps, finding that his opinions were "not accompanied by objective findings to support the

conclusion that claimant is totally disabled." *Id.* at 233.

The ALJ's decision was upheld by the Appeals Council. The Council reasoned that in regard to the issue of pain, "the symptoms alleged are still not controlling for purposes of evaluating disability." Appeals Council's Amended Decision (Rec. at 240). Indeed, the Council specifically held that "[p]ain is not an impairment, but a symptom." *Id.*

## A.

### Standard of Review

■ This Court is well aware that its role in reviewing the Secretary's decision is limited; it must not re-weigh the evidence and must defer to the Secretary's final decision as to "the findings of fact and the reasonable inferences to be drawn therefrom," *Reyes v. Secretary of Health, Education & Welfare,* 476 F.2d 910, 914 (D.C. Cir.1973), so long as the decision is supported by "substantial evidence" as provided by 42 U.S.C. § 405(g). *Parker v. Harris,* 626 F.2d 225, 231 (2nd Cir.1980). The requisite "substantial evidence" has been construed to be "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

But neither is this Court merely to "rubberstamp" administrative decisions. *Davis v. Heckler,* 566 F.Supp. 1193, 1195 (D.D.C. 1983). And "if it is found, in scrutiniz[ing] the whole record ... [that] reliance is placed on one portion of the record in disregard of overbalancing evidence to the contrary, the Court may then interfere with the Secretary's conclusion." *Perli v. Schweiker,* 543 F.Supp. 394 (S.D.N.Y.1982).

1. The administrative record of the first decision was filed on May 16, 1983, and supplemented by additional filings on March 7, 1984 and on Feb. 29, 1984. The pages in these filings are sequentially numbered, and are cited as Rec. at ——.

## B.
### Failure to Consider All Relevant Evidence

■ The ALJ's failure to evaluate probative evidence submitted by plaintiff or to explain why he deemed plaintiff's claim of pain not credible is "good cause" to reverse the Secretary's decision on grounds that it is unsupported by substantive evidence. *Gyurko v. Harris*, 487 F.Supp. 1121, 1126 (D.C.Conn.1980). The Secretary's silence on these issues directly contravenes this Court's previous order. Moreover, this silence becomes even more disturbing in light of plaintiff's well-articulated complaints of pain. Contrary to the ALJ's statement that the plaintiff's physician offered no "objective findings" supporting his conclusion that Ms. Taylor is totally disabled, the evidence showed claimant suffered from "abnormal" EEG readings "indicating a structural lesion" in the head region. (Rec. at 186.) Likewise, the Appeals Council, citing a 1981 report of Dr. Gradi's, an associate of Dr. Batipps, recommending that the claimant merely "take two Aspirin, twice daily," (Rec. at 240), failed to explain why it did not credit Dr. Gradi's 1982 report concluding that Ms. Taylor suffered from a structural lesion. (Rec. at 186.) Nor did the Secretary explain why she did not credit Ms. Taylor's many examples of debilitating pain. (Rec. at 45 to 60.) Finally, the ALJ and the Appeals Council never responded to the numerous medical problems that Dr. Batipps and his associates diagnosed to be so severe as to render plaintiff permanently disabled. *See* Plaintiff's Motion to Reverse Agency Decision at 8, filed April 18, 1984.

■ The ALJ must evaluate all the relevant evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3rd Cir.1981). It is not enough for the ALJ merely to hold that claimant's complaints and records were given "serious consideration" and say no more. (Rec. at 233.) What is required of

the ALJ [is] not only an expression of the evidence ... considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.

*Cotter v. Harris*, 642 F.2d 705. Furthermore, it is the ALJ's obligation to "examine the record for conflicting evidence. Upon finding conflicting evidence, he should compare the probative value of the treating physician's opinion with the probative value of the conflicting evidence." *Bluvband v. Heckler*, 730 F.2d 886, 893 (2d Cir.1984). Nothing has been presented or shown in this proceeding suggesting that the ALJ and the Appeals Council applied this balancing test in considering Ms. Taylor's application for relief.

### C.
### Failure to Apply Proper Standard for Evaluating Pain

It is clear that the ALJ's decision hinged largely on the plaintiff's presentation of "objective evidence" to prove her claim of severe pain. (Rec. at 233.) Likewise, the Appeals Council upheld the ALJ's determination on the authority of Social Security Ruling 82–58 (SSR–82–58), a policy statement dealing with the evaluation of pain in regard to disability. claims. The relevant parts of that statement conclude that

Symptoms will not have a significant effect on a disability determination or decision unless medical signs or findings show that a medical condition is present that could reasonably be expected to produce the symptoms which are alleged or reported. However, once such a medical condition (e.g., disc disease) is objectively established, the symptoms are still not controlling for purposes of evaluating disability. Clinical and laboratory data and a well-documented medical history must establish findings which may reasonably account for the symptom in a particular impairment. Objective clinical findings ... must be present.

The Secretary's proposition that objective clinical findings are a necessary component for proving pain has been rejected by eight

federal appellate courts.[2] Moreover, in the Eighth Circuit, the Secretary, after acknowledging that some adjudicators have misinterpreted SSR–82–58, has clarified the standard for evaluating allegations of pain and other subjective complaints. The Court agreed that the Secretary's clarification was "a correct statement of the law concerning the evaluation of pain and other subjective complaints for determining disability." *Polaski v. Heckler*, 739 F.2d 1320 at 1322 (8th Cir.1984). The Secretary resoundingly declared that "direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Id.* at 1322. Instead, the absence of objective medical findings "is just one factor to be considered in evaluating the credibility of the testimony and complaints." *Id.* The Secretary also explained that:

the adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

\* \* \* \* \* \*

(2) the duration, frequency and intensity of the pain...

*Id.* The Secretary agreed to transmit forthwith this clarification of SSR–82–58 to relevant adjudications, personnel within the Social Security Administration, administrative law judges, and the Appeals Council within the Eighth Circuit. *Id.* at 1322. ▪ Although the District of Columbia Circuit has never faced this issue, prior decisions suggest that it would join its sister circuits if confronted with the opportu-

nity. *Diabo v. HEW*, 627 F.2d 278, 282 (D.C.Cir.1980), *accord Davis v. Heckler*, 566 F.Supp. 1193, 1198 (D.D.C.1983). Furthermore, in light of the Secretary's clarification of SSR–82–58, this Court holds that a claimant need not prove his claim of pain by objective clinical findings.

This Court fully acknowledges that the Secretary need not accept without qualification claimants' assertions of pain. The Secretary "is not obliged to accept without question the credibility of such subjective evidence." *Marcus v. Califano*, 615 F.2d at 27. Yet it is also well-established that subjective pain may serve as the basis for establishing disability. *Id.* This potential conflict is reconciled when the appropriate standard of review—"substantial evidence" —is applied. *See Parker v. Harris*, 626 F.2d at 231. It is the ALJ's duty to consider "all material facts" in determining disability. 20 C.F.R. § 404.1520(a). But substantial evidence is not confined only to a review of quantitative evidence, "[i]t is a qualitative standard as well, as the evidence must address the necessary statutory test for disability benefits eligibility provided in 42 U.S.C. § 423(d)(1)(A)." *Davis v. Heckler*, 566 F.Supp. at 1195.

▪ The ALJ and the Appeals Council, however, would have this Court change this standard. They would qualify "substantial evidence" with the caveat that claims of disabling pain be proven by objective, clinical evidence. This is a burden that Congress never intended and the courts have not imposed. *Bittle v. Richardson*, 441 F.2d at 1195. Moreover, "[t]he broad purposes of the Act require a liberal construction in favor of disability [and] the intent [of the Act] is inclusion rather than exclusion." *Floyd v. Finch*, 441 F.2d 73, 105 (6th Cir.1971) (citation omitted). Therefore, while disability claims must be supported by medically acceptable clinical and laboratory diagnostic tech-

**2.** *Diorio v. Heckler*, 721 F.2d 726 (11th Cir.1983); *Rhodes v. Schweiker*, 660 F.2d 722 (9th Cir. 1981); *Marcus v. Califano*, 615 F.2d 23 (2d Cir. 1979); *Northcutt v. Califano*, 581 F.2d 164 (8th Cir.1978); *Bittel v. Richardson*, 441 F.2d 1193

(3rd Cir.1971); *Sayers v. Gardner*, 380 F.2d 940 (6th Cir.1967); *Page v. Celebreeze*, 311 F.2d 757 (5th Cir.1963); *Gotshaw v. Ribicoff*, 307 F.2d 840 (4th Cir.1962).

**494**

niques, 42 U.S.C. § 423(d)(3), "this does not mean that medical opinion must necessarily be supported by 'objective' clinical or laboratory findings." *McLaughlin v. Secretary of Health, Ed.,* 612 F.2d 701, 704 (2d Cir.1975). This is because "[d]isregard of a claimant's subjective complaints of pain ... is not justified solely because there exists no objective evidence in support of such complaints." *Northcutt v. Califano,* 581 F.2d at 166. These Circuit Court rulings subsequently have been endorsed by the Secretary in the Eighth Circuit. *Polaski v. Heckler, supra.*

In the present case, Ms. Taylor claims that when the pain is present "[y]ou cannot concentrate on your thinking. Your head is hurting. Your eyes is blurry. The only thing you can do is stay in a comfortable place" (Rec. at 45–46), that "if I am hurting real bad, I don't get a chance to look at [the television] because the noise vibration ... everything has to be quiet" (*id.* at 51), and that "[s]ometimes ... I call my daughter to help me get out of bed." (*id.* at 53). The medication her doctors prescribed to relieve her of the pain "was making me queasy, and I was walking like I was in space. I couldn't walk straight. I walked like I was on a high or something." (*Id.* at 49.) Ms. Taylor's treating physician, after examining claimant, diagnosed that pain rendered her completely and permanently disabled. The ALJ, however, never discussed why he discounted Ms. Taylor's serious complaints of pain. Under the prevailing law, the ALJ and the Appeals Council placed too much emphasis on the need to prove disability by objective proof. It was erroneous for the ALJ to hold that claimant's opinions must be "corroborated by credible objective evidence" (Rec. at 233) and for the Appeals Council to require that claims of pain must be established with objective clinical findings. The Secretary thus committed reversible error by holding the claimant to the wrong standard of proof. *Reynolds v. Heckler,* 570 F.Supp. 1064 (D.C.Ariz.1983).

An appropriate order will be entered.

### ORDER

Based on this Court's Memorandum Opinion filed on this date, it is

### ORDERED

That the amended decision of the Secretary of Health and Human Services, dated February 28, 1984, denying disability insurance benefits and supplemental security income benefits to plaintiff Celestine J. Taylor, is reversed and set aside.

That the defendant is directed to pay retroactively, beginning with the date of the plaintiff's initial application, all disability insurance benefits under Title II of the Social Security Act, and all supplemental security income benefits under Title XVI of the Act which are owed to the plaintiff; such payments shall commence forthwith.