Lorraine SMITH, Plaintiff,

v.

Otis R. BOWEN, Defendant.

Civ. A. No. 85–1652.

United States District Court, District of Columbia.

April 15, 1986.

Joan E. Fairbanks, Neighborhood Legal Services, Washington, D.C., for plaintiff.

Claire M. Whitaker, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This case, arising under the Social Security Act ("Act"), 42 U.S.C. §§ 301–1397f, is before the Court on the parties' cross-motions for summary judgment.[1] Plaintiff Smith seeks review of the denial by the Department of Health and Human Services ("HHS," "Secretary," or "agency") of her claims for Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. §§ 401–33, and for Supplemental Security Income ("SSI") under Title XVI, 42 U.S.C. §§ 1381–1383c, of the Act. The facts appear from the administrative record, and, for the reasons set forth below, the Court will grant defendant's motion for summary judgment, deny plaintiff's motion, and dismiss the complaint with prejudice.

### I.

Plaintiff, now 51, quit her last job as a maid in 1981, complaining of pain from constant exposure to allergens, arthritis, and a broken ankle. Although her ankle has healed to some extent, she alleges that her health has continued to deteriorate generally, and that she now suffers from arthritis in her legs and hands, as well as her ankle; she also has back problems, severe allergies, high blood pressure, blurred vision, pulmonary disease, degenerative joint disease, hypertension, obesity, and partial hearing loss. Plaintiff has an eighth grade education.

On September 1, 1983, plaintiff applied for DIB and SSI, but the Office of Disability Operations of the Social Security Administration denied the applications, finding that plaintiff was not disabled within the meaning of the Act. Following a second denial by the same office, plaintiff requested a hearing before an administrative law judge ("ALJ").

On November 20, 1984, the ALJ affirmed the denial of benefits, ruling that, while plaintiff's impairments rendered her "unable to perform her past relevant work as a maid," "[t]he medical evidence does not support the extent of claimant's alleged limitations." Specifically, the ALJ found that plaintiff's "capacity for the full range of light [work] has not been significantly compromised by her ... nonexertional limitations." Then, applying the Medical-Vocational Guidelines, see 20 C.F.R. pt. 404, subpt. P, App. 2, (1985),[2] the ALJ concluded that plaintiff was now, and at all prior relevant times had been, able to secure substantial gainful employment. After the agency's Appeals Council declined to review the ALJ's ruling, plaintiff brought this action in March of 1985.

### II.

There are three interrelated issues before the Court: the merits of the agency's finding that plaintiff can perform light work; the consideration to be given plaintiff's subjective complaints of disabling pain; and the weight which must be accorded the combined effect of plaintiff's impairments.

The initial burden of proving a disability is on the plaintiff. 42 U.S.C. § 423(d)(5). To carry this burden, a plaintiff must prove a medically determinable physical or mental impairment so severe as to preclude taking part in any substantial gainful activity, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), i.e., work which exists in significant numbers in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). "[O]nce [an] ALJ concludes that [a] claimant cannot continue performing previous work[,]" the burden shifts to the government. *Simon-*

1. The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g).

2. The Guidelines (also known as "grids") "consist of a matrix of four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that iden-

tify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell,* 461 U.S. 458, 460–63, 103 S.Ct. 1952, 1954–55, 76 L.Ed.2d 66 (1983).

*son v. Schweiker,* 699 F.2d 426, 428 (8th Cir.1983) (citations omitted). To meet this burden, the agency "must show there are jobs available that realistically suit [a plaintiff's] qualifications and mental and physical capabilities." *Id.* (citations omitted). In proving current physical capacity for work, the agency can in most cases either call a vocational expert or apply the grids.

The question before the Court is whether or not the agency's determination that plaintiff is able to perform "light work" and secure employment requiring minimal exertion is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff maintains that the ALJ, having found plaintiff "unable to perform her past relevant work as a maid," did not prove current physical capacity for work because he erroneously relied upon the grids and did not call a vocational expert. Plaintiff contends that use of the grids is inappropriate if a claimant suffers from non-exertional impairments such as allergies, loss of hearing, hypertension, obesity, pulmonary disease, and pain, *see Allred v. Heckler,* 729 F.2d 529, 533 (8th Cir.1984) (requiring that the ALJ call a vocational expert where the "claimant's relevant characteristics differ in any material respect from those of the grid"), from which she argues that, because the grids do not accurately depict the type of employment of which she individually was capable, the ALJ was obliged to call a vocational expert to provide proof that a substantial number of jobs existed in the economy which plaintiff could perform, given her limitations.

■ Complaints of non-exertional conditions, by themselves, however, do not preclude use of the grids. The purpose behind the grids is to avoid requiring "the Secretary to relitigate the existence of jobs in the national economy at each hearing...." *Heckler v. Campbell,* 461 U.S. 458, 468, 103 S.Ct. 1952, 1958, 76 L.Ed.2d 66 (1983). A vocational expert's evidence may be necessary if conditions reduce a claimant's capacity to perform light work, but "[i]t is amply clear ... that not all nonexertional conditions or limitations affect an individual's capacity to perform such work." *Smith v. Schweiker,* 719 F.2d 723, 725 (4th Cir.1984). Determination of the extent to which the range of work the claimant might perform is diminished by the presence of non-exertional impairments is a matter of fact to be given the usual deference by the reviewing court. *See Cummins v. Schweiker,* 670 F.2d 81, 84 (7th Cir.1982).

■ Here, the ALJ found that the employment opportunities available to plaintiff were not significantly reduced by any of her impairments, individually or in combination. Specifically, the ALJ found that plaintiff's ankle showed no evidence of "significant residual impairment" but, acknowledging her slight limp, recommended that she avoid lifting and carrying heavy weights. Similarly, he advised that she avoid work requiring acute hearing or which might place her in proximity to fumes and dust because of her allergies. Plaintiff's other impairments, the ALJ concluded, "while numerous, are all mild to moderate in nature." Significantly, *no* physician reported that plaintiff was incapable of light work because of the impairments they found, and the ALJ's findings appear to be sufficient to conclude that his ruling on plaintiff's ability to secure and perform light work is supported by substantial evidence.

Plaintiff next maintains that the ALJ wrongly disregarded her own complaints of disabling pain, because he made no specific findings that her testimony regarding her pain lacked credibility. Plaintiff invokes the rule that, while medical evidence must exist in the record to establish a condition that could reasonably cause severe pain, a claimant need not prove the causal relationship between them by objective clinical evidence. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); *Taylor v. Heckler,* 595 F.Supp. 489, 493 (D.D.C.1984). Plaintiff urges that the ALJ's summary dismissal of these complaints was error because an "ALJ may not disregard subjective evidence concerning pain merely because it was not fully corroborated by the objective

evidence." *Smith v. Schweiker*, 728 F.2d 1158, 1163 (8th Cir.1984) (citation omitted). She concludes, therefore that the ALJ's failure to address expressly her subjective complaints of pain and their effect on her ability to do light work is grounds for reversal.

■ The Secretary responds that, in summarizing plaintiff's testimony in his decision, the ALJ did note plaintiff's complaints of pain—not only her back pain and the pain in her ankle, but also that "[w]ith regard to her hands, claimant has sharp pain, it hurts to make a fist, and she drops things." He stated in his conclusion, however, that the medical record did "not support the extent of claimant's alleged limitations," implicitly rejecting the notion that her pain was of disabling proportions, whether or not she was to be believed.[3]

Thus, while he did not dwell on the subject, the ALJ clearly was aware of and considered plaintiff's complaints of pain. In another case involving an ALJ's alleged failure adequately to address a claimant's complaints of pain the Seventh Circuit stated:

> We do not have the fetish about findings that [plaintiff] attributes to us. The court review[s] judgments, not opinions. The statute requires us to review the quality of the evidence, which must be "substantial," not the quality of the ALJ's literary skills. The ALJs work under great burdens. Their supervisors urge them to work quickly. When they slow down to write better opinions, that holds up the queue and prevents deserving people from receiving benefits. Cf. *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984) (discussing delay in the process). When they process cases quickly, they necessarily take less time on opinions. When a court remands a case with an order to write a better opinion, it clogs the queue in two ways—first because the new hearing on remand takes time, second because it

sends the signal that ALJs should write more in each case (and thus hear fewer cases).

> The ALJ's opinion is important not in its own right but because it tells us whether the ALJ has considered all the evidence, as the statute requires him to do.... [Therefore, we] require only "a minimal level of articulation by the ALJ as to his assessment of the evidence ... in cases in which considerable evidence is presented by the claimant."

*Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir.1985) (citation omitted). The same pragmatic considerations obtain here. The ALJ's opinion in Ms. Smith's case, albeit terse, is sufficiently detailed to enable the Court to follow his reasoning and to satisfy it that no significant complaint—including her subjective pain—was overlooked.

Finally, plaintiff contends that the ALJ failed to assess the combined effects of her impairments on her ability to engage in substantial gainful activity properly. Plaintiff maintains that the ALJ, while acknowledging that the medical evidence documented multiple impairments, stopped short of any meaningful analysis of their combined effect and their relationship to her ability to work.

■ A disability claimant's impairments must be considered in combination and not in a way that minimizes their impact. *See Diabo v. HEW*, 627 F.2d 278, 282 (D.C.Cir.1980) (citations omitted). But the ALJ explicitly discussed the combined effects of plaintiff's alleged impairments. Not only did he himself specifically find that "[c]laimant's impairments, singly or in combination, do not preclude claimant from light work activity," but his conclusion was largely based on the evidence from at least two doctors both of whom clearly analyzed her impairments as they interacted with one another.

For the foregoing reasons, therefore, it is, this 14th day of April, 1986,

---

**3.** To be disabling, pain must be so severe by itself, or in conjunction with other impairments, so as to preclude any substantial gainful employment. *See, e.g., Parris v. Heckler*, 733 F.2d 324, 327 (4th Cir.1984); *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir.1983).

ORDERED, that plaintiff's motion for summary judgment is denied; and it is

FURTHER ORDERED, that defendant's motion for summary judgment is granted, and the complaint is dismissed with prejudice.