45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Daniel CRABB, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-55628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1994.*
Decided Dec. 28, 1994.
 
 1
 Before: GIBSON**, HUG and POOLE, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 The district court properly granted the motion of the Secretary of Health and Human Services ("Secretary") for summary judgment on Daniel W. Crabb's claims for disability and disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. Secs. 401-433.[1] The decision of the administrative law judge ("ALJ") denying Crabb's application for disability benefits is supported by substantial evidence and applies the correct legal standards. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 II.
 
 4
 In evaluating Crabb's claim for disability, the ALJ found that:
 
 
 5
 1. Crabb had not engaged in substantial gainful activity since July 31, 1986.
 
 
 6
 2. Crabb "suffer[ed] from a combination of severe exertional and nonexertional impairments," specifically asthma, chronic obstructive pulmonary disease, back and neck problems, and an affective disorder with depressed mood and anxiety.
 
 
 7
 3. None of Crabb's impairments, either singularly or in combination, was presumptively disabling.
 
 
 8
 4. Crabb's combination of impairments prevented him from performing his previous work as a heavy equipment operator.
 
 
 9
 5. There were other jobs existing in the national economy which Crabb could perform, given his physical and emotional limitations.
 
 
 10
 Crabb claims that he is presumptively disabled based on the results of a pulmonary function test administered on February 1, 1988. The results from Crabb's pulmonary function test are inconclusive and do not establish a presumptive disability.[2] See 20 C.F.R. Pt. 404, Subpt. P., App. 1, Sec. 3.00D (1993).
 
 
 11
 Alternatively, Crabb claims that the ALJ incorrectly evaluated the evidence in determining that he could perform other work. While the evidence presented by Crabb supports his claims of disability, there is substantial evidence supporting the ALJ's determination that with vocational training, Crabb could perform light, unskilled, sedentary, nonpublic work in a pollution-free environment.[3] Where there is conflicting evidence sufficient to support either outcome, this court defers to the ALJ to determine the credibility of medical testimony and to resolve ambiguities in the evidence. Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir.1992); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir.1987); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984) (quoting Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982)) Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971).
 
 
 12
 Crabb contends that the ALJ erred by preferring the testimony of a psychiatric expert who had not met Mr. Crabb to the testimony of two psychiatrists who had each examined Crabb once. It was not error for the ALJ to discount the testimony of two consultative psychiatrists where there was conflicting psychiatric testimony given by the expert. After-the-fact psychiatric diagnoses are notoriously unreliable, and may be discounted by the ALJ in resolving a material conflict in the evidence. See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir.1984). The fact that a medical report results from a single examination and is based primarily upon the medical history and subjective complaints as related by the claimant is a valid reason for the ALJ to accord that report less weight. See Matney, 981 F.2d at 1020.
 
 
 13
 Crabb also contends that the ALJ failed to consider his ailments in combination, and looked at Crabb's physical complaints separate from his emotional complaints. Based on his assessment of the credibility of the witnesses and his resolution of conflicts in the evidence, the ALJ reasonably found that Crabb's claimed physical and mental ailments were not so severe, either singularly or in combination, that they rendered him unable to work.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Crabb's claims on appeal are denied, Crabb's request for attorneys' fees pursuant to the Social Security Act, 42 U.S.C. Sec. 406(b), and the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d) need not be addressed
 
 
 [2]
 A pulmonary function test establishes a presumptive disability only when both one's maximum voluntary ventilation (MVV) and one's one second forced expiratory volume (FEV1) scores fall within the required range both before and after the administration of a bronchodilator. 20 C.F.R. Pt. 404, Subpt. P., App. 1, Sec. 3.00D (1993). Although Crabb's MVV fell within the range at both stages, his FEV1 did not. Thus, there is no presumption of disability
 
 
 [3]
 At least six doctors who examined Crabb in 1987 and 1988 reached this conclusion, while only one doctor felt that Crabb's work capacity was limited to a maximum of three to four hours per day of light sedentary work. The ALJ found Crabb's allegations of severe pain and limitation exaggerated, noting that Crabb took a small amount of medicine relative to his claims, and was able to drive eight hours to the hearing from Kingman, Arizona to San Diego, California in a pick-up truck